UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA HEPBURN,

      Plaintiff,

v.                                              CASE NO. 6:24-cv-540-SJH

MARTIN J. O'MALLEY, Commissioner
of Social Security,

      Defendant.
_____/

## MEMORANDUM ORDER[1]

**THIS CAUSE** is before me on Plaintiff's appeal of an administrative decision denying her applications under the Social Security Act ("Act") for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"). In a decision dated June 15, 2023, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability from February 5, 2019, the alleged disability onset date, through the date of decision. Tr. at 54-78. For the reasons herein, the Commissioner's decision is due to be **affirmed**.

**I.    Issues on Appeal**

Plaintiff argues two issues on appeal, contending that:

> I. THE ALJ COMMITTED HARMFUL ERROR WHEN SHE SUBSTITUTED HER LAY OPINION FOR THAT OF THREE MEDICAL EXPERTS AND FOUND THAT PLAINTIFF'S

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Docs. 1, 12.

> ANXIETY AND DEPRESSION WERE NOT MEDICALLY DETERMINABLE IMPAIRMENTS, THEREBY EXCLUDING THEM FROM CONSIDERATION IN ASSESSING PLAINTIFF'S WORK LIMITATIONS.
>
> II. THE [ALJ] COMMITTED HARMFUL ERROR WHEN SHE FAILED TO EVALUATE THE CONSISTENCY AND SUPPORTABILITY OF THE MEDICAL OPINIONS OF CONSULTING PHYSICIAN TAMMY THAGGERT, M.D. AND TREATING PHYSICIAN GARY WEISS, M.D., IN VIOLATION OF 20 C.F.R. §§ 404.1520c AND 416.920c.

Doc. 11 at 8.

## II. Standard of Review

Plaintiff appeals the denial of her applications for DIB under Title II of the Act, 42 U.S.C. § 401 *et seq.*, and for SSI under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*[2] The terms of judicial review for each are set by 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3) (incorporating § 405(g)). Under § 405(g), judicial review "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Ohneck v. Comm'r, Soc. Sec. Admin.*, No. 22-13984, 2023 WL 8946613, at *2 (11th Cir. Dec. 28, 2023).[3]

---

[2] The regulations under Title II are located at 20 CFR pt. 404. The regulations under Title XVI are located at 20 CFR pt. 416.

[3] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

The agency's factual findings are "conclusive" if "substantial evidence" supports them. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (citation omitted). Though requiring "'more than a mere scintilla'" of evidence, the threshold for this standard "is not high[,]" *id.*, and does not require a preponderance of the evidence, *Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1309 (11th Cir. 2024); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). So long as "the ALJ's decision clears the low evidentiary bar[,]" a reviewing court must affirm even if it "would have reached a different result and even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *Flowers*, 97 F.4th at 1309. Nor may a reviewing court "'decide the facts anew, make credibility determinations, or re-weigh evidence.'" *Id.* at 1306 (citation omitted); *see also Rodriguez v. Soc. Sec. Admin.*, --- F. 4th ---, No. 22-13602, 2024 WL 4352403, at *9 (11th Cir. Oct. 1, 2024); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

The same deference does not attach to conclusions of law. *See Flowers*, 97 F.4th at 1304, 1306; *Martin*, 894 F.2d at 1529. A "failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal." *Martin*, 894 F.2d at 1529; *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

### III. The ALJ's Decision

Under the Act's general statutory definition, a person is considered disabled if unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 382c(a)(3)(A).[4] In making a disability determination, the Social Security Administration generally uses a five-step sequential process. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).[5] The ALJ applied this five-step sequential process. Tr. at 58-71.[6] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 5, 2019, the alleged disability onset date. *Id.*

---

[4] Because the definitions of disability under Title II and Title XVI are the same, cases under one statute are generally persuasive as to the other. *See Jones v. Astrue*, No. 3:10-cv-914-J-JBT, 2011 WL 13173806, at *2 n.2 (M.D. Fla. Oct. 17, 2011).

[5] At step one, the person must show the person is not engaged in substantial gainful activity. At step two, the person must show the person has a severe impairment or combination of impairments. At step three, the person may show the impairment or combination of impairments meets or equals the severity of one of the listings in the appendix of the applicable regulations. Absent such a showing, at step four, the person must show the person cannot perform the person's past relevant work given the person's residual functional capacity ("RFC"). Step five, at which the burden temporarily shifts to the Commissioner, asks whether there are a significant number of jobs in the national economy the person can perform given the person's RFC, age, education, and work experience. If it is determined at any step the person is or is not disabled, the analysis ends without proceeding further. *See* 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4); *Flowers*, 97 F.4th at 1308; *Jacob v. Comm'r of Soc. Sec.*, No. 8:22-cv-2435-CEH-TGW, 2024 WL 3548902, at *3-4 (M.D. Fla. July 26, 2024).

[6] The ALJ found Plaintiff meets the insured status requirements through December 31, 2019. *Id.* at 60. Title II of the Act "'provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need.'" *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (citation omitted). Title XVI of the Act "provides supplemental security income benefits 'to financially needy individuals who are aged, blind, or disabled regardless of their insured status.'" *Id.* (citation omitted).

at 60. The ALJ found at step two that Plaintiff "has the following severe impairments: lumbar radiculopathy and cervical degenerative disc disease with herniated nucleus pulposus (HNP) (20 CFR 404.1520(c) and 416.920(c))." *Id.* (emphasis removed). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. *Id.* at 62. The ALJ found that Plaintiff has the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she can stand and/or walk for four hours out of an eight hour workday, and sit for six hours out of an eight hour workday. She can never climb ladders, ropes, or scaffolds. The claimant can frequently bend, stoop, and kneel. She can occasionally crawl, crouch, and climb ramps or stairs. The claimant can never operate commercial vehicles. Finally, the claimant should avoid work around heights, dangerous machinery, and pulmonary irritants.

*Id.* at 63 (emphasis removed). The ALJ found at step four that Plaintiff is unable to perform any past relevant work but found at step five that jobs exist in significant numbers in the national economy that she can perform such that she is not under a disability. *Id.* at 70-71.

### IV.  Analysis

Plaintiff argues on appeal that:

> I.  THE ALJ COMMITTED HARMFUL ERROR WHEN SHE SUBSTITUTED HER LAY OPINION FOR THAT OF THREE MEDICAL EXPERTS AND FOUND THAT PLAINTIFF'S ANXIETY AND DEPRESSION WERE NOT MEDICALLY DETERMINABLE IMPAIRMENTS, THEREBY EXCLUDING THEM FROM CONSIDERATION IN ASSESSING PLAINTIFF'S WORK LIMITATIONS.

5

> II. THE [ALJ] COMMITTED HARMFUL ERROR WHEN SHE FAILED TO EVALUATE THE CONSISTENCY AND SUPPORTABILITY OF THE MEDICAL OPINIONS OF CONSULTING PHYSICIAN TAMMY THAGGERT, M.D. AND TREATING PHYSICIAN GARY WEISS, M.D., IN VIOLATION OF 20 C.F.R. §§ 404.1520c AND 416.920c.

Doc. 11 at 8. I address each argument in turn.

### a. Issue I

Plaintiff first argues that the ALJ committed harmful error by substituting her lay opinion for that of three medical experts in finding Plaintiff's anxiety and depression were not medically determinable impairments. Doc. 11 at 12. In support, Plaintiff relies mainly on *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992). *See* Doc. 11 at 11-12 (quoting and citing *Marbury*, 957 F. 2d at 840-41). Though not properly cited as such, the excerpts on which Plaintiff relies are from a concurring opinion. *See Marbury*, 957 F. 2d at 840-41 (Johnson, J., concurring). And the authorities on which the *Marbury* concurring opinion relies for the cited propositions apply the old treating-physician rule. *See id.* (citing *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988); *MacGregor v. Bowen*, 786 F.2d 1050, 1053-54 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985)). Plaintiff's contention that an ALJ's determination is not supported by substantial evidence unless the ALJ makes factual findings supporting an inference that physicians were incompetent or unprofessional, *see* Doc. 11 at 11 (citing *Marbury*, 957 F.2d at 840-41 (Johnson, J. concurring)), is a direct application of that old rule, *see Lamb*, 847 F.2d at 703 ("Absent a showing of good cause to the contrary, the opinions of treating physicians must be accorded substantial

6

or considerable weight by the Secretary."); *see also MacGregor*, 786 F.2d at 1053-54; *Broughton*, 776 F.2d at 961-62 (all cited by *Marbury*, 957 F.2d at 840-41 (Johnson, J. concurring)). Here, the opinions at issue in Issue I are not from treating physicians. Regardless, though ALJs were previously "instructed to defer to the medical opinions of a social security claimant's treating physicians" and to give such opinions more weight "unless there was good cause not to do so[,]" that rule was eliminated in 2017. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022). For claims, like this one, filed on or after March 27, 2017, "an administrative law judge must 'not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources.'" *Id.* at 897 (quoting 20 C.F.R. § 404.1520c(a)); *see also Spurgeon v. Soc. Sec. Admin., Comm'r*, No. 22-10999, 2024 WL 1395258, at *1, 4-5 (11th Cir. Apr. 2, 2024); *Sunderman v. O'Malley*, No. 8:23-cv-01367-AAS, 2024 WL 3811933, at *5 (M.D. Fla. Aug. 14, 2024).[7]

Moreover, though the general proposition that an ALJ cannot substitute a lay opinion for expert medical testimony may be accurate, that is not what occurred here.

---

[7] As discussed further below, under the regulations applicable to this case, as to each medical source, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) relationship with the claimant; (iv) specialization; and (v) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2). The ALJ *must* explain the consideration of these two factors and *may*, but need not, explain consideration of the others. *Id.* Plaintiff argues at Issue II that the ALJ failed to adequately follow this process with respect to Drs. Thaggert and Weiss, but makes no such argument as to Issue I or the medical professionals at issue therein.

*See McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 691 n.1 (11th Cir. 2020) ("ALJs are permitted, and in fact required, to use judgment in weighing competing evidence and reaching a final determination as to whether an applicant is disabled. Here, the ALJ did not rely on his own independent findings; instead, the ALJ considered the medical record, assigned 'great weight' to certain medical experts and only 'some weight' to other experts …, and stated his reasons for doing so. This was entirely proper.") (internal citations omitted); *Williams v. Barnhart*, 140 F. App'x 932, 934 (11th Cir. 2005) ("We also reject [the] argument that the ALJ substituted his own opinion for that of a qualified psychologist. … [A]n ALJ 'is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'") (quotation omitted); *Bobman v. Saul*, No. 8:19-cv-1465-T-CPT, 2020 WL 5542821, at **7-8 (M.D. Fla. Sept. 16, 2020) ("The Plaintiff's challenge to the ALJ's reliance on the record evidence that she engaged in limited mental health treatment and did not take any medications for her alleged symptoms is … unpersuasive. … The Plaintiff's bare assertion that the ALJ improperly inserted her own judgment for that of [a doctor] fares no better. … [T]he ALJ simply performed her duty of assessing the evidence of record and resolving the discrepancies she discerned. In short, there is no indication that the ALJ 'played doctor' in this case.") (internal citations omitted); *Aponte v. Comm'r of Soc. Sec. Admin.*, No. 6:12-cv-32-Orl-DAB, 2013 WL 178336, at *6 (M.D. Fla. Jan. 17, 2013) ("The ALJ properly evaluated the opinion evidence and her findings as to the weight given to the opinions are supported by the record evidence

she cites, not 'hunches.' This contention appears to be no more than an invitation to reweigh the evidence to reach a different conclusion, which the Court declines.") (internal footnote omitted).

Moreover, contrary to Plaintiff's argument, the ALJ did not rely on "her arbitrary hunch regarding Plaintiff's treatment history." Doc. 11 at 15. Plaintiff's lack of any treatment history for anxiety and depression was undisputed, and it came from Plaintiff herself, not an arbitrary hunch. *See* Tr. at 98. This absence of treatment was a valid consideration. *See Watson v. Heckler*, 738 F.2d 1169, 1173 (11th Cir. 1984); *see also Epps v. Soc. Sec. Admin., Comm'r*, No. 22-13674, 2024 WL 20837, at **6-7 (11th Cir. Jan. 2, 2024); *Sheldon v. Astrue*, 268 F. App'x 871, 872 (11th Cir. 2008); *Howdeshell v. Comm'r of Soc. Sec.*, No. 2:20-cv-514-SPC-MRM, 2021 WL 5496165, at *13 (M.D. Fla. Nov. 5, 2021), *report and recommendation adopted*, 2021 WL 5494444 (M.D. Fla. Nov. 23, 2021);[8] *Franasiak v. Comm'r of Soc. Sec. Admin.*, No. 3:19-cv-1378-MCR, 2021 WL 1050138, at *4 (M.D. Fla. Mar. 19, 2021); *Harden v. Colvin*, No. 8:15-cv-755-T-30JBT, 2016 WL 551794, at *3 (M.D. Fla. Jan. 26, 2016), *report and recommendation adopted*, 2016 WL 540670 (M.D. Fla. Feb. 11, 2016).[9]

---

[8] In *Howdeshell*, the Commissioner's decision ultimately merited reversal on other grounds. *See Howdeshell*, 2024 WL 5496165, at **10-12.

[9] An ALJ may err by relying primarily, if not exclusively, on a lack of seeking treatment without considering any good-cause explanation for such failure. *See Plier v. Soc. Sec. Admin., Comm'r*, No. 22-10988, 2024 WL 2273626, at *6 (11th Cir. May 20, 2024). Plaintiff has not made any such argument or shown any good-faith explanation for failure to seek treatment. *See Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 777 (11th Cir. 2016); *Bobman*, 2020 WL 5542821, at *8.

9

To the extent Plaintiff appears to suggest that the ALJ was required to find a mental impairment solely because of a diagnosis (indeed, a diagnosis that appeared based solely on subjective complaints unaccompanied by any treatment record), that is not so. Impairments, including mental impairments: "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques"; "must be established by objective medical evidence from an acceptable medical source"; and cannot be established through a "statement of symptoms, a diagnosis, or a medical opinion[.]" *See* 20 C.F.R. §§ 404.1521, 416.921; *see also Robinson v. Kijakazi*, No. CV 20-00424-B, 2022 WL 944628, at *14 n.17 (S.D. Ala. Mar. 29, 2022); *Law v. Colvin*, No. 1:12-cv-2736-LSC, 2014 WL 4681188, at *5 (N.D. Ala. Sept. 19, 2014).

Finally, even if the ALJ had erred by finding lack of a medically determinable mental impairment, any such error was harmless. *See Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1274 n.11 (11th Cir. 2024) ("Remand is unwarranted unless an error creates fundamental unfairness or prejudice[,]" and "'[t]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.'") (citations omitted). Plaintiff acknowledges that "[a]n ALJ's error at step two may be considered harmless if the impairment is properly considered in the remainder of the decision." Doc. 11 at 14 (citing *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 842 (11th Cir. 2014)); *see also Eberhart v. Saul*, No. 8:19-cv-1653-T-TGW, 2020 WL 4283237, at *5 (M.D. Fla. July 27, 2020); *Forester v. Comm'r of Soc. Sec.*, No. 5:21-cv-5-

PRL, 2022 WL 11361988, at *4 (M.D. Fla. July 8, 2022). But Plaintiff argues that error is not harmless insofar as only symptoms from a medically determinable impairment are considered in the RFC assessment. *See* Doc. 11 at 14. Even if so, assuming, as Plaintiff suggests, the ALJ should have found a non-severe mental impairment, such would not have required the ALJ to include corresponding limitations in the RFC unless supported by the record. *E.g.*, *Chestang*, 2024 WL 3835648, at *12; *Thornton v. Comm'r of Soc. Sec.*, No. 8:20-cv-1082-JSS, 2021 WL 9096626, at *6 (M.D. Fla. Sept. 10, 2021). And, in formulating the RFC, the ALJ *did* specifically discuss Plaintiff's alleged mental-health issues and explained why no corresponding limitations were imposed. Tr. at 68-69. Plaintiff has not carried her burden of showing specific additional limitations beyond those that were imposed. *See Howdeshell*, 2021 WL 5496165, at *13.

### b. Issue II

Plaintiff next argues that the ALJ failed to properly evaluate the consistency and supportability of the medical opinions of Drs. Thaggert and Weiss. Doc. 11 at 17-20. The claims in this case were filed after March 27, 2017, so the revised regulations under 20 C.F.R. §§ 404.1520c and 416.920c apply. Under these regulations, as to each medical source, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) relationship with the claimant; (iv) specialization; and (v) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

11

Supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ *must* explain the consideration of these two factors and *may*, but need not, explain consideration of the others. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). As to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Moreover, "'it is proper to read the ALJ's decision as a whole, and ... it would be a needless formality to have the ALJ repeat substantially similar factual analyses[.]'" *Raper*, 89 F.4th at 1275; *see also Martin v. Comm'r of Soc. Sec.*, No. 8:22-cv-1435-JSS, 2023 WL 3644419, at *7 (M.D. Fla. May 25, 2023); *Jesus v. Comm'r of Soc. Sec.*, No. 6:20-cv-1930-EJK, 2022 WL 2293887, at *4 (M.D. Fla. Feb. 9, 2022).

As to Dr. Thaggert, the ALJ explained as follows:

> Consultant examiner Tammy Thaggert, M.D. opined that the claimant is able to stand occasionally during an eight-hour workday, sit frequently during an eight-hour workday, and walk occasionally during an eight-hour workday; that she has a limited ability to bend or stoop; that she can only lift and carry five to ten pounds on an occasional basis on the left side, and five to ten pounds occasionally on the right side; and that she

12

> ambulates with difficulty and uses as assistive device, which "appeared to be helpful but was not required" (EX B15F at 8). The undersigned finds this opinion only partially persuasive, because Dr. Thaggert's opinion is vague as to specific functional limitations, she does not support the lift and carry limitations with explanation, and because medical expert Dr. Gaeta's opinion is more consistent with and supported by the record.

Tr. at 68-69. Plaintiff acknowledges that the ALJ addressed supportability, but argues she did so insufficiently. Doc. 11 at 17-19. I disagree. The functional limitations in the proffered opinion is vague, and the lift-and-carry restrictions are not explained. Tr. at 849-56. In addition, the ALJ discussed how Dr. Thaggert's consultative examination showed limitations but also normal strength in all muscle groups and grips, normal range of motion except as to her lumbar spine, no edema, intact sensational and cranial nerves, and no evidence of muscle spasms, scoliosis or kyphosis. *Id.* at 66, 853-55. Plaintiff points to alleged "substantial abnormalities to support" Dr. Thaggert's opinion, but (i) none facially clarifies the opined functional limitations; and (ii) the cited points appear to go to other aspects of the opinion, such as the limited ability to bend or stoop and do not explain the lift-and-carry restrictions. *See* Doc 11 at 18. Even if the cited abnormalities *could* support lifting restrictions, Dr. Thaggert did not purport to offer such explanation for the restrictions, which the ALJ validly considered in undermining supportability. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) ("The more relevant the objective medical evidence *and supporting explanations presented by a medical source* are to support his or her medical opinion(s) or prior administrative

13

medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.") (emphasis added).

As to consistency, the ALJ properly evaluated and compared Dr. Thaggert's opinion both to the opinion of Dr. Joseph Gaeta and the record as a whole. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Here, for example, the ALJ discussed Plaintiff's daily activities, including that Plaintiff had no issues caring for herself, managed money and her finances, had hobbies including riding an exercise bike, and regularly traveled outside the home. Tr. at 65, 366-67, 860, 1266, 1269. The ALJ discussed medical evidence, including (i) an April 2020 MRI of Plaintiff's lumbar spine in Dr. Weiss's records reflecting generally mild findings, *id.* at 65, 717; (ii) Plaintiff's denying any neck pain to Dr. Weiss in May 2020, *id.* at 66, 731; (iii) a June 2020 MRI of Plaintiff's thoracic spine that was normal, along with Plaintiff's report to Dr. Weiss of no thoracic spine pain that same month, *id.* at 65, 717, 720-21, 723, 725; and (iv) Plaintiff's full range of neck motion in a September 2019 report from Dr. Alicia Cabrera, and an April 2020 cervical spine MRI in Dr. Weiss's records reflecting generally mild findings, *id.* at 66, 433, 717, 742. The ALJ also discussed Plaintiff's treatment history, which was limited to medication. *Id.* at 67.

In addition, the ALJ heard the testimony from Dr. Gaeta, an independent medical expert who appeared at the hearing. Tr. at 82-91. Dr. Gaeta, who had over 64 years' experience in the field and extensive knowledge of the Social Security Regulations, reviewed the entire record in the case. *Id.* at 82. He opined as to

14

limitations consistent with the RFC ultimately adopted by the ALJ, who found his opinion persuasive and consistent with the record. *Id.* at 63, 67-68, 84-85.

In sum, substantial evidence supports the ALJ's determination that Dr. Thaggert's opinion was only partially persuasive.

Next, as to Dr. Weiss, the ALJ explained:

> On December 3, 2020, Gary M. Weiss, M.D. opined that the claimant is "permanently, totally disabled and cannot work" (EX B11F at 23). On March 2, 2023, Dr. Weiss reported "I believe she is PTD" (EX B32F at 6). On June 22, 2020, Dr. W[ei]ss completed a "Medical Source Statement Of Ability To Do Work-Related Activities (Physical), in which he opined that the claimant can sit for four hours out of an eight-hour workday; stand for two hours out of an eight hour workday; and walk for two-hours out of an eight-hour workday; that the use of a cane is medically necessary; that she can never use her hands for handling or pushing and pulling; that she can never use her feet for operation of foot controls; that she can never climb stairs, ramps, ladders, or scaffolds; that she can never stoop, kneel, crouch, or crawl (EX B7F at 11-16). The undersigned finds Dr. Weiss' opinions not persuasive, as they are inconsistent with and unsupported by the record, including his own examinations of the claimant, which do not support the degree of limitation he opines to. Additionally, Dr. Weiss does not adequately explain reasoning or support for opined limitations. Finally, as to Dr. Weiss' opinion that the claimant is permanently, totally disabled and cannot work", determination of disability is an issue reserved to the Commissioner (20 CFR 1520b(c)(3) and 416.920b(c)(3).

Tr. at 69. Again, as to supportability, the ALJ properly noted that Dr. Weiss's opinions were both inconsistent with his own examination records and not supported by sufficient explanations. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). For example, among other blanks and lack of support for his opinions, in connection with many of the restrictions as to which Dr. Weiss opined—including those for lifting/carrying, use of hands, use of feet, postural activities, environmental limitations, and activity

15

limitations—he used a check-box form that included a space and question asking to "[i]dentify the particular medical or clinical findings … which support your assessment of any limitations and why the findings support the assessment" that Dr. Weiss left blank. *See* Tr. at 568-74; *see also Meneses v. Comm'r of Soc. Sec.*, No. 5:19-cv-95-Oc-18PRL, 2020 WL 5751954, at *5 (M.D. Fla. Aug. 10, 2020), *report and recommendation adopted*, 2020 WL 5701834 (M.D. Fla. Sept. 24, 2020); *Howell v. Comm'r of Soc. Sec.*, No. 8:16-cv-745-T-JSS, 2017 WL 2570659, at *7 (M.D. Fla. June 14, 2017). In addition, as to both the supportability and consistency factors, the ALJ's analysis is supported by the records, discussed above in connection with Dr. Thaggert's opinion, from both Dr. Weiss and others that were inconsistent with Plaintiff having severe limitations. Moreover, Dr. Gaeta, who as discussed above, the ALJ found persuasive, also partially disagreed with Dr. Weiss's opinion to the extent of more extreme limitations. Tr. at 87, 89-90. In sum, substantial evidence supports the ALJ's determination that Dr. Weiss's opinion was only partially persuasive.

Ultimately, Plaintiff's brief generally recites her view of evidence the ALJ could have weighed differently to reach a different conclusion as to the opinions of Drs. Thaggert and Weiss. *See* Doc. 11 at 17-20. That is of no moment. It matters not if a reviewing court "would have reached a different result" or "even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *See Flowers*, 97 F.4th at 1309. Nor may a reviewing court "'decide the facts anew, make credibility determinations, or re-weigh evidence.'" *Id.* at 1306 (citation omitted); *see also*

16

*Rodriguez*, 2024 WL 4352403, at *9; *Martin*, 894 F.2d at 1529. Because the ALJ's decision clears "the low evidentiary bar" of substantial evidence, it is due to be affirmed. *See Flowers*, 97 F.4th at 1309; *see also Cruz v. Comm'n of Soc. Sec.*, No. 2:22-cv-603-KCD, 2023 WL 7487422, at *4 (M.D. Fla. Nov. 13, 2023); *Martin v. Comm'r of Soc. Sec.*, No. 8:22-cv-1435-JSS, 2023 WL 3644419, at * 2, 9 (M.D. Fla. May 25, 2023).

V.   **Conclusion**

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **affirmed**.

2. The Clerk of Court is **directed** to enter judgment accordingly, terminate any motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on November 1, 2024.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record